## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>DIAMOND PARTNERS, INC., dba The Other Bar; JACQUELINE GODBOUT and ANTHONY GODBOUT, individually and as conservators of KENNETH GODBOUT; and ANTHONY GODBOUT, as guardian ad litem for the children of KENNETH GODBOUT,<br><br>            Defendants.<br>_____/ | CASE NO.   1:10-cv-0100 LJO SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE OF SUMMONS AND REQUEST FOR SERVICE BY PUBLICATION**<br><br>(Doc. 13) |

### **INTRODUCTION**

Plaintiff has filed an ex parte motion for an extension of sixty (60) days to effect service of summons and requests an order allowing service by publication. (Doc. 13.) On January 21, 2010, Plaintiff filed a complaint seeking a declaration regarding insurance coverage in connection with an underlying action in state court. Plaintiff served the complaint on Defendant Diamond Partners, Inc., on January 22, 2010. (Doc. 6.) Having received no answer or other appearance by Diamond Partners, Plaintiff filed a request for entry of default against Diamond Partners on April 14, 2010.

(Doc. 8.) The Clerk entered default on April 15, 2010. (Doc. 9.) Plaintiff has been unable to serve the complaint on the other named defendants, Jacqueline and Anthony Godbout ("Defendants").

## DISCUSSION

**A.     Plaintiff Has Established Cause for an Extension of Time to Serve the Summons and Complaint**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009). Even absent good cause, Rule 4(m) permits the Court to grant an extension of time. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

According to Plaintiff, on February 19, 2010, Plaintiff's counsel mailed requests for waivers of service, along with a copy of the complaint, to Mr. H. Ty Kharazi, counsel for Defendants Jacqueline and Anthony Godbout in the underlying action. (Doc. 14, Holden Decl., ¶ 2.) On March 10, 2010, Mr. Kharazi replied by letter that he had received Plaintiff's complaint but that he had not been retained to represent Defendants in this matter. (Doc. 14, Holden Decl., at Ex. B.) Plaintiff has also employed a process server to search for addresses associated with Defendants and has attempted service at those addresses, but Defendants were not found to be living at any of the locations. Given Plaintiff's difficulties effecting service of process, Plaintiff has demonstrated cause for an extension of time under Rule 4(m) to complete service of the summons and complaint.

**B.     Plaintiff has Established Reasonable Diligence to Support Its Request for Service by Publication**

Due to Plaintiff's inability to locate Defendants for purposes of service of process, Plaintiff requests an order authorizing service by publication pursuant to California Code of Civil Procedure section 415.50. A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located

or where service is made." Fed. R. Civ. P. 4(e)(1). In California, a summons may be served by publication if, upon affidavit, it appears to the satisfaction of the court in which the action is pending that the party to be served cannot, with reasonable diligence, be served in another specified manner. Cal. Civ. Proc. Code § 415.50(a)(1). California Government Code section 6060 requires that the notice be "published in a newspaper of general circulation for the period prescribed."[1]

A party seeking leave to serve process by publication must establish that "reasonable diligence" has been exercised to serve process in another manner permitted by California law. *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Id.* (alteration in original) (internal quotation marks omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant . . . ." *Id.* (internal quotation marks omitted). This requirement exists because "it is generally recognized that service by publication rarely results in actual notice." *Id.* Accordingly, a plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence. *Id.* Several attempts to serve a party at the proper place can constitute reasonable diligence. *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995); *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988). When attempting to effect personal service, a process server is not required to "exhaust all avenues of obtaining a current address" once he is informed that a defendant no longer lives at a residence. *Ellard v. Conway*, 94 Cal. App. 4th 540, 545 (2001).

Plaintiff has demonstrated that it exercised reasonable diligence in seeking to serve Defendants through other means. The declarations attached in support of Plaintiff's request for service by publication show that Plaintiff's registered process server searched through Merlin and postal records, and obtained a number of street addresses, post office box addresses, and telephone

---

[1] A "newspaper of general circulation" is a "newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established . . . for at least one year preceding the date of the publication." Cal. Gov't Code § 6000.

3

numbers associated with Defendants.[2]  None of the retrieved phone numbers was valid.  Although attempts at personal service were made at various addresses associated with Defendants on May 3, 2010, and May 7, 2010, the service processor found those locations to be vacant or inhabited by others.

Plaintiff also requested that Defendants' attorney in the underlying state court litigation accept service of process on behalf of his clients, but he refused, presumably because his clients have not given him permission to accept service on their behalf.  Plaintiff has established that it exercised reasonable diligence in seeking to serve Defendants through several different means.  Plaintiff's request to serve Defendants by publication shall be granted.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for an extension of time of sixty (60) days to serve Defendants Jacqueline Godbout and Anthony Godbout is GRANTED.

2. Plaintiff's request to serve by publication is GRANTED.  Plaintiff shall publish the summons once a week for four (4) successive weeks in a newspaper of general circulation that is most likely to give actual notice to Defendants.  If Plaintiff ascertains Defendants' addresses before expiration of the time prescribed for publication of the summons, Plaintiff shall mail forthwith copies of the summons, complaint, and this order to Defendants by ordinary mail.

3. The Clerk of Court is DIRECTED to mail a copy of this order to H. Ty Kharazi, Esq., Yarra, Kharazi & Associates, 1250 Fulton Mall, Suite 202, Fresno, California, 93721, Defendants' attorney of record in the underlying state court matter, so that Mr. Kharazi can attempt to notify the Defendants of this action.

---

[2] The Court notes that Plaintiff's request for service by publication did not assemble the facts setting forth what methods the process server had used to attempt to locate Defendants, or when and where personal service was attempted. Plaintiff's pleading left it to the Court to sift through multiple declarations setting forth the necessary details establishing reasonable diligence.  This Court is exceptionally mindful of the caseload in the Eastern District, and asks that Plaintiff's counsel file pleadings that better assist the Court in conducting efficient and timely judicial review.

4. The Initial Scheduling Conference set for June 23, 2010, at 9:30 a.m. is VACATED and RESET to **August 3, 2010, at 9:30 a.m.**

IT IS SO ORDERED.

**Dated:   June 18, 2010**                             /s/ Sheila K. Oberto
                                                                     UNITED STATES MAGISTRATE JUDGE