1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| BURLINGTON INSURANCE COMPANY, | CASE NO. 1:10-cv-00100-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED** |
| v. | |
| DIAMOND PARTNERS, INC., dba THE OTHER BAR; et al., | (Docket No. 27) |
| Defendants. | |
| _____/ | **OBJECTIONS DUE: 15 DAYS** |

## I.  INTRODUCTION

On January 21, 2010, Plaintiff Burlington Insurance Company ("Plaintiff" or "Burlington") filed a complaint seeking declaratory relief regarding the terms of an insurance policy it issued to its insured, Defendant Diamond Partners, Inc. ("Diamond").  According to the complaint, Burlington entered into a written insurance contract with Diamond, issuing to Diamond policy number 327B000078 ("the Policy").  The effective dates of the Policy were from April 5, 2007, to April 5, 2008.  The Policy includes Endorsement No. BG-G-042 0203 which contains an Assault or Battery Exclusion.  The Assault or Battery Exclusion states that coverage under the Policy does not apply to bodily injury "[a]rising out of assault and battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery."  (Doc. 1, ¶ 10; Doc. 30-4 at 48.)

On or about August 28, 2009, Defendants Jacqueline Godbout, Anthony Godbout, Kenneth Godbout, and the children of Kenneth Godbout ("Godbout Defendants") filed a complaint in state court ("*Godbout*" or "*Godbout* action") against several parties, including Burlington's insured, Diamond.  The *Godbout* complaint alleges that Kenneth Godbout was seriously injured when he "was assaulted while visiting The Other Bar[1] during early hours of January 3, 2008." (Doc. 1, ¶ 8; Doc. 30-2, ¶ 7.)  The complaint further alleges that "Kenneth's injuries could have been prevented had the defendants employed security personnel and/or prohibited others who have been known to cause 'trouble' from entering the bar." (Doc. 1, ¶ 8; Doc. 30-2, ¶ 21.)  Burlington asserts that the only claims against Diamond in the *Godbout* action are negligence claims based on Diamond's alleged failure to employ reasonable measures to secure the safety of its customers at The Other Bar.  (Doc. 1, ¶ 8.)

Burlington asserts that the *Godbout* action is not covered under Diamond's commercial liability policy because it involves conduct subject to the Assault or Battery Exclusion.  (Doc. 1, ¶ 10.)  While Burlington agreed to participate in Diamond's defense against the *Godbout* action, it did so subject to a complete reservation of rights, including, but not limited to, the right to seek a declaration that no coverage exists under the policy due to the Assault or Battery Exclusion and that Burlington is entitled to reimbursement of all sums incurred in defense of the *Godbout* action.  (Doc. 1, ¶ 9.)

On January 21, 2010, Burlington filed suit against its insured, Diamond, and the Godbout Defendants.  (Doc. 1.)  Burlington's complaint seeks a declaratory judgment that, pursuant to the terms of the Policy, Burlington has no duty to defend or indemnify Diamond with regard to the *Godbout* action.  Burlington also seeks reimbursement for defense costs paid for the benefit of Diamond in the *Godbout* action.  (Doc. 1, ¶¶ 16-17.)

On January 22, 2010, Diamond was served with Burlington's complaint.  When Diamond failed to respond to the complaint, the Clerk of Court entered a default against Diamond on April

---

[1] The Other Bar is the property of Diamond and is insured under the commercial general liability policy Diamond purchased from Burlington.  (*See* Doc. 30-4 at 4.)

15, 2010. (Doc. 9.) Burlington was unable to serve the Godbout Defendants with the summons and complaint. Accordingly, on June 18, 2010, the Court issued an order allowing Burlington to serve the Godbout Defendants by publication. (Doc. 19.)

On September 7, 2010, Burlington filed certificates of service by publication as to the Godbout Defendants. (Docs. 20, 21.) On September 8, 2010, after the Godbout Defendants failed to respond to the complaint, Burlington requested entry of default against them. The Clerk entered the default of Jacqueline Godbout and Anthony Godbout on September 9, 2010. (Docs. 25, 26.)

On November 3, 2010, Burlington filed a Motion for Default Judgment against Diamond and the Godbout Defendants.[2] Burlington requests that the Court enter a monetary judgment against Diamond in the amount of $30,696.02 and a declaratory judgment that the Assault or Battery Exclusion applies to preclude coverage for defense or indemnity related to the *Godbout* action.

On December 1, 2010, a hearing was held, and the Court noted that Burlington's complaint contained references to documents that were purportedly attached to the complaint and incorporated by reference. However, these documents, including the complaint in the *Godbout* action and the insurance policy upon which Burlington is seeking a declaratory judgment, were not attached to the complaint. The Court requested further briefing regarding whether the failure to attach these documents affected the sufficiency of Burlington's complaint. (*See* Doc. 28.)

On December 22, 2010, Burlington submitted additional briefing, copies of the insurance policy at issue, and a certified copy of the complaint in the underlying *Godbout* action. (Doc. 30.)

## II.  DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).  It is within the sole discretion of the

---

[2] Burlington's Motion for Default Judgment requested that the Court enter the default of Jacqueline Godbout and Anthony Godbout in their individual capacity, but also in their roles as conservators of Kenneth Godbout and guardian ad litem of the children of Kenneth Godbout. Burlington has withdrawn its request for entry of default judgment against the Godbout Defendants in their capacity as conservators and against Anthony Godbout in his capacity as guardian ad litem.

1    court as to whether default judgment should be entered.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092

2    (9th Cir. 1980).   A defendant's default by itself does not entitle a plaintiff to a court-ordered

3    judgment.  *See id.*   Instead, the Ninth Circuit has determined that a court should consider seven

4    discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default

5    judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The *Eitel* factors include

6    the following: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's

7    substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action,

8    (5) the possibility of a dispute concerning material facts, (6) whether the default was due to

9    excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

10   decisions on the merits.  *See id.*

11        A plaintiff is required to prove all damages sought in the complaint.  *See Televideo Sys., Inc.*

12   *v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992).  In addition, any relief sought may not be

13   different in kind from, or exceed in amount, what is demanded in the complaint.  Fed. R. Civ. P.

14   54(c).  If the facts necessary to determine the damages are not contained in the complaint, or are

15   legally insufficient, they will not be established by default.  *See Cripps v. Life Ins. Co. of N. Am.*,

16   980 F.2d 1261, 1267 (9th Cir. 1992).

17        Finally, once the court clerk enters a default, the well-pleaded factual allegations of the

18   complaint are taken as true, except for those allegations relating to damages.  *See Televideo Sys.,*

19   *Inc.*, 826 F.2d at 917.

20   **B.     Analysis**

21        **1.        Prejudice to Plaintiff**

22        The first *Eitel* factor, prejudice to Plaintiff, weighs in favor of granting the motion for default

23   judgment.  If Defendants never file a responsive pleading, the case will not be put before the Court

24   on its merits, and Plaintiff would be denied a judicial determination as to whether there is a duty to

25   indemnify and defend Diamond and whether it is entitled to reimbursement for the cost of defense

26   in the *Godbout* action.  Due to this potential for prejudice, this factor weighs in favor of entering a

27   default judgment.

28

**2.      Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The next relevant *Eitel* factors include the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint.  In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).

At the December 1, 2010, hearing, the Court noted that several of the documents referred to in the complaint and incorporated by reference, including the insurance policy at issue and the complaint in the underlying *Godbout* action, were not actually attached to the complaint.  The Court requested that Burlington file a supplemental brief addressing whether this deficiency impacted the sufficiency of its complaint and whether those documents could be introduced for purposes of deciding Burlington's motion for default judgment.  (*See* Doc. 28.)

On December 22, 2010, Burlington provided the Court with additional argument regarding the propriety of default judgment in light of the deficiency noted by the Court.  Burlington asserts that, even though the insurance policy and the underlying *Godbout* complaint were mistakenly not attached to the complaint, there are sufficient factual allegations in the complaint to support its request for default judgment.  Second, Burlington argues that, even if the complaint were insufficient for the lack of documents that were referred to but not attached, Burlington can produce those for purposes of consideration of its motion for default judgment.  The Court agrees.

**a.      Claim for Declaratory Relief**

In its complaint, Burlington alleges that it has no duty to defend Diamond pursuant to the terms of the Assault or Battery Exclusion contained in its insurance policy with Diamond.  (Doc. 1, ¶ 10.)  The Assault or Battery Exclusion states that the insurance contract does "not apply to bodily injury '[a]rising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.'" (Doc. 1, ¶ 11; Doc. 30, at 48.)  Pursuant to this exclusion, Burlington's complaint seeks a judicial declaration that, pursuant to the insurance policy, it has no duty to defend or indemnify Diamond in connection with the *Godbout* action.  (Doc. 1,

¶¶ 12-15.)

Pursuant to California law, a complaint for declaratory relief must demonstrate the following: (1) a proper subject of declaratory relief and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party. *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410 (1989).

Some of the proper subjects for declaratory relief are delineated in Section 1060 of the California Code of Civil Procedure, as set forth below in relevant part:

> Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . [regarding] any question of construction or validity arising under the instrument or contract.

Cal. Civ. Proc. Code § 1060.

The "actual controversy" requirement pertains to the existence of a *present* controversy "relating to the legal rights and duties of the respective parties pursuant to the contract." *Brownfield*, 208 Cal. App. 3d at 410 (internal quotation marks omitted). Where the allegations of the complaint indicate that the controversy is only conjectural, anticipated to arise in the future, or an attempt to solicit an advisory opinion from the court, the "fundamental basis of declaratory relief is lacking." *Id.*

Although the *Godbout* complaint and the insurance policy were not attached to the complaint in this action, Burlington has alleged the existence of such documents in the complaint and has referred to and quoted from the relevant portions of each document. Burlington has, therefore, set forth in its complaint that it has an insurance contract with Diamond under which it seeks declaratory relief and that this is a proper subject for declaratory relief. Cal. Civ. Proc. Code § 1060. (Doc. 1, ¶ 6.) Burlington has alleged the portion of the insurance contract that it claims excludes coverage for defense costs and indemnity for the issues presented in the *Godbout* action. (Doc. 1, ¶ 11.) Specifically, the insurance policy excludes coverage for bodily injury and property damage that "[a]rises out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery." (Doc. 1, ¶ 10.) Burlington contends that the policy, therefore,

excludes any duty to defend or indemnify Diamond with respect to the underlying *Godbout* action. Burlington alleges that the *Godbout* action involves only negligence claims based on Diamond's alleged failure to employ reasonable measures to secure the safety of its customers.  (Doc. 1, ¶ 9.) Burlington asserts that, because it has provided a defense to Diamond under a reservation of rights, there is an actual and justiciable controversy among Burlington and Diamond and the *Godbout* Defendants regarding the application of the insurance policy with regard to defense and indemnity. (Doc. 1, ¶ 11.)  Therefore, Burlington has sufficiently set forth allegations supporting a cause of action for declaratory relief, even though the documents referred to in the complaint and incorporated by reference were not actually attached to the complaint.

Moreover, following the December 1, 2010, hearing, Burlington filed copies of the complaint in the *Godbout* action and the insurance policy further establishing the truth and sufficiency of the allegations in the complaint.  Fed. R. Civ. P. 55(b)(2) (court may conduct hearings or make referrals to establish the truth of any allegation by evidence)*; see Televideo Sys., Inc.*, 826 F.2d at 917-18 (affirming default judgment where district court "exceeded the requirements of [Rule 55] by taking extensive evidence on all allegations in the complaint including damages").

### b.    Claim for Reimbursement of Defense Costs

"Standard comprehensive or commercial general liability insurance policies, provide, in pertinent part, that the insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for any covered claim." *Buss v. Super. Ct.*, 16 Cal. 4th 35, 45 (1997).  Further, these policies provide that the insurer has a duty to defend the insured in any action brought against the insured seeking damages for any covered claim.  *Id.*  "The insurer's duty to indemnify runs to claims that are actually covered, in light of the facts proved." *Id.*  On the other hand, the insurer's duty to defend is broader than its duty to indemnify in that the former "runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed." *Id.*  In a mixed action, where some claims are potentially covered while others are not, the insurer has a duty to defend the entire action.  *Id.* at 47-48.  Where claims are at least potentially covered, the insurer may not seek reimbursement for defense costs.  *Id.* at 49.  Where claims are not even potentially covered, however, the insurer may seek reimbursement for defense costs.  *Id.* at 50.

1    Burlington has pled facts indicating that this is not a "mixed" action for purposes of

2    determining reimbursement.  As Burlington pointed out in its complaint, the only claims against its

3    insured in the *Godbout* action involve those for negligence arising out of the alleged failure to take

4    reasonable measures to secure the safety of its customers.  (*See* Doc. 30-2.)  Burlington alleges that,

5    under the applicable  Assault or Battery Exclusion contained in the insurance contract, bodily injury

6    arising out of assault or battery, or out of any act or omission in connection with the prevention or

7    suppression of an assault or battery, is excluded from coverage.  (Doc. 1, ¶ 10.)  Therefore,

8    Burlington has sufficiently pled facts indicating that it is entitled to seek reimbursement for all of

9    its defense costs because none of the claims against its insured triggered the duty to defend, i.e., none

10   of the claims is even potentially covered in light of the Assault or Battery Exclusion.  (Doc. 1, ¶ 17.)

11   Burlington also submitted a certified copy of the complaint in the *Godbout* action which

12   confirms that the only claims against Burlington's insured are for negligence arising out of

13   Diamond's alleged failure to prevent the assault and battery that gave rise to the underlying *Godbout*

14   action.  (Doc. 30.)  Burlington has also produced a copy of the insurance policy it issued to Diamond

15   that provides the full text of the Assault or Battery Exclusion upon which Burlington relies to

16   support its contention that there is no coverage for the *Godbout* action.  (Doc. 30-4 at 48.)  *See*

17   *Televideo Sys., Inc.*, 826 F.2d at 917-18 (affirming default judgment where district court "exceeded

18   the requirements of [Rule 55] by taking extensive evidence on all allegations in the complaint

19   including damages"); *see also* Fed. R. Civ. P. 55(b)(2) (court may conduct hearings or make referrals

20   to establish the truth of any allegation by evidence).

21   Finally, Burlington has produced adequate proof of the costs it expended in defending

22   Diamond in the *Godbout* action through attorney billing records and invoices.  (*See* Doc. 30-5,

23   Exhibit B.)

24   **c.    Conclusion**

25   For the reasons stated above, the Court finds that Burlington's claims for declaratory relief

26   and for reimbursement of the costs of its defense are sufficiently pled.  *Danning*, 572 F.2d at 1388

27   (merits of the claim and sufficiency of the complaint factors require that allegations "state a claim

28   on which the [plaintiff] may recover").  This factor weighs in favor of granting default judgment.

8

### 3.    The Sum of Money at Stake in the Action

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Plaintiff seeks a declaratory judgment that it has no duty to defend Diamond because of an applicable exclusion in its insurance policy. Plaintiff also seeks approximately $30,696.02 for reimbursement of costs and fees incurred while defending Diamond under a reservation of rights in the underlying *Godbout* action.

The declaratory relief sought is not monetary. Further, the claim for reimbursement neither involves a particularly large amount of money nor appears to be an unreasonable amount for the costs of defending a negligence suit. This factor weighs in favor of granting default judgment.

### 4.    The Possibility of a Dispute Concerning the Material Facts

With regard to this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Diamond and the Godbout Defendants have submitted nothing to contradict the well-pled allegations. Additionally, Burlington has submitted additional evidence in support of its motion for default judgment including the underlying complaint in the *Godbout* action and the insurance policy at issue that supports Burlington's claims. In light of this, there is a reduced possibility of a dispute concerning the material facts.

### 5.    Whether Default Was Due to Excusable Neglect

There are no facts in the record that evidence that Defendants' failure to appear or otherwise defend against the motion for default judgment is the result of excusable neglect. This factor, therefore, favors default judgment.

### 6.    The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Where a complaint is legally insufficient, the policy favoring decisions on the merits protects against a judgment where one may not be warranted. Here, however, the allegations of the complaint along with additional evidence submitted by Burlington establish the sufficiency of the complaint

9

1   and the claim for reimbursement of defense costs.  While this factor will almost always favor

2   denying default judgment, in this case the other factors outweigh the strong public policy favoring

3   decisions on the merits.

4   **C.     Default Judgment Against Jacqueline and Anthony Godbout as Conservators of**
        **Kenneth Godbout, and Against Anthony Godbout as Guardian Ad Litem for the**
5       **Children of Kenneth Godbout**

6           Plaintiff's motion for default judgment also seeks a judgment against Anthony and Jacqueline

7   Godbout in their capacity as conservators of Kenneth Godbout and against Anthony Godbout in his

8   capacity as guardian ad litem of the children of Kenneth Godbout.   At the December 1, 2010,

9   hearing the Court requested that counsel explain whether a default judgment could be entered against

10  the conservators of Kenneth Godbout and the guardian ad litem of the children of Kenneth Godbout

11  in light of Rule 55(b)(2) that states that a "default judgment may be entered against a minor or

12  incompetent person *only if represented by a general guardian, conservator, or other like fiduciary*

13  *who has appeared*." Fed. R. Civ. P. 55(b)(2) (emphasis added).

14          In its supplemental pleadings filed after the December 1, 2010, hearing, Burlington withdrew

15  its request for entry of default judgment against the Godbout Defendants in their capacity as

16  conservators and against Anthony Godbout in his capacity as guardian ad litem.  (Doc. 30, at 1 n.1.)

17  In light of this, should the findings and recommendations be adopted by the district judge, Burlington

18  should advise the Court how it will proceed in this action against the Godbouts in their capacity as

19  conservators and guardian ad litem, e.g., whether dismissal of these defendants is appropriate.

20                                   **IV.   RECOMMENDATION**

21          Based on consideration of the declarations, pleadings, and exhibits to the present motion,

22  the Court hereby RECOMMENDS that:

23          1.      Plaintiff's request for a judgment declaring that the Assault and Battery Exclusion

24                  in its insurance contract with Diamond applies to preclude coverage for the

25                  *Godbout* action be GRANTED; and

26          2.      Plaintiff's request for reimbursement of defense costs in the *Godbout* action be

27                  GRANTED in the amount of $30,696.02.

28

1    These findings and recommendations are submitted to the district judge assigned to this

2    action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15)

3    days of service of this recommendation, any party may file written objections to these findings and

4    recommendations with the Court and serve a copy on all parties.  Such a document should be

5    captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

6    will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

7    § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

8    waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9

10   IT IS SO ORDERED.

11   **Dated:   January 25, 2011**                          **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE