# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DIAMOND PARTNERS, INC. et al., <br><br> Defendants. <br> _____ / | CASE NO. 1:10-cv-00100-LJO-SKO <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** <br><br> (Docket No. 27, 32) |

On January 21, 2010, Plaintiff Burlington Insurance Company ("Plaintiff") filed the instant action seeking declaratory relief against Diamond Partners, Inc. ("Diamond"), Jacqueline Godbout, an individual, Anthony Godbout, an individual, Anthony and Jacqueline Godbout in their capacity as conservators of Kenneth Godbout, and against Anthony Godbout in his capacity as guardian ad litem for the children of Kenneth Godbout (collectively "Defendants"). Plaintiff sought a declaration that, pursuant to the terms of an insurance policy it issued to Diamond, Plaintiff had no duty to defend or indemnify Diamond Partners, Inc. in an state court litigation involving Defendants. Plaintiff also sought reimbursement for the defense costs it incurred in defending Diamond, under complete reservation of rights, in the underlying state court action. (Doc. 1.) Defendants did not respond to the complaint, and defaults were entered against Diamond (Doc. 9), Jacqueline Godbout in her individual capacity (Doc. 25), and Anthony Godbout in his individual capacity (Doc. 26).

On November 3, 2010, Plaintiff filed a motion for default judgment as to all Defendants. (Doc. 27.) In supplemental briefing, Plaintiff withdrew its request for a default judgment against Anthony Godbout and Jacqueline Godbout in their capacity as conservators of Kenneth Godbout and against Anthony Godbout in his capacity as guardian ad litem for the children of Kenneth Godbout. (Doc. 30 at 1 n.1.)

On January 25, 2011, the Magistrate Judge issued Findings and Recommendations that (1) Plaintiff's request for a judgment declaring that the Assault and Battery Exclusion in its insurance contract with Diamond Partners, Inc. applies to preclude coverage for the *Godbout* action be granted and (2) Plaintiff's request for reimbursement of defense costs in the *Godbout* action in the amount of $30,696.02 be granted. The Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within fifteen (15) days. No objections were filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated January 25, 2011, are ADOPTED IN FULL;
2. Plaintiff's request for a default judgment declaring that the Assault and Battery Exclusion in its insurance contract with Diamond Partners, Inc. applies to preclude coverage for the *Godbout* state court action is GRANTED; and
3. Plaintiff's request for reimbursement of the defense costs in the *Godbout* state court action against Defendant Diamond Partners, Inc. in the amount of $30,696.02 is GRANTED.

IT IS SO ORDERED.

**Dated:     February 8, 2011**                     /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE