# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIAMOND PARTNERS, INC. et al,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00100-LJO-SKO<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>(Docket No. 35) |

## I.   INTRODUCTION AND BACKGROUND

This action arises out of events that allegedly occurred on or about January 3, 2008, at The Other Bar in Fresno, California. (Doc. 1, ¶ 8; Doc. 30-2, ¶ 7.) According to the complaint in an underlying state court action ("*Godbout* action"), Kenneth Godbout was seriously injured when he "was assaulted while visiting The Other Bar during early hours of January 03, 2008." (Doc. 1, ¶ 8; Doc. 30-2, ¶ 7.) Kenneth Godbout's injuries are alleged to have left him paralyzed and unable to care for himself or his children, and he has become "wholly dependent upon his parents [Anthony and Jacqueline Godbout] for his daily needs." (Doc. 30-2, ¶ 28.)

On or about August 28, 2009, Defendants Jacqueline Godbout, Anthony Godbout, Kenneth Godbout, and Elijah D. Godbout and Braiden J. Godbout filed a complaint in state court against

several parties, including Diamond Partners, Inc., the purported owner of The Other Bar. Kenneth Godbout, his parents Anthony and Jacqueline Godbout, and Kenneth Godbout's children, Elijah and Braiden Godbout, all asserted claims for negligence against Diamond Partners, Inc., dba as The Other Bar, in failing to prevent the physical assault that Kenneth Godbout suffered. (*See* Doc. 30-2, ¶ 25.) The claims stated by Kenneth Godbout were brought through Anthony and Jacqueline Godbout as his court-appointed conservators.[1] The claims stated by minors Elijah and Braiden Godbout were brought through their proposed guardian ad litem, Anthony Godbout.[2]

On January 21, 2010, Plaintiff Burlington Insurance Company ("Plaintiff" or "Burlington") filed a complaint in this Court seeking declaratory relief regarding the terms of an insurance policy it issued to its insured, Defendant Diamond Partners, Inc. ("Diamond"). (Doc. 1.) According to the complaint, Burlington entered into a written insurance contract with Diamond, issuing to Diamond policy number 327B00078 ("the Policy"). The effective dates of the Policy were from April 5, 2007, to April 5, 2008. The Policy includes Endorsement No. BG-G-042 0203, which contains an Assault or Battery Exclusion. The Assault or Battery Exclusion states that coverage under the Policy does not apply to bodily injury "[a]rising out of an assault and battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery." (Doc. 1, ¶ 10; Doc. 30-4, p. 48.) Due to the terms of the exclusion, Burlington sought a declaratory judgment that it had no duty to defend or indemnify Diamond in the *Godbout* action in state court. Burlington's complaint named Diamond, Jacqueline and Anthony Godbout as individuals, Jacqueline and Anthony Godbout as conservators of Kenneth Godbout, and Anthony Godbout as guardian ad litem of Elijah and Braiden Godbout.

---

[1] The complaint in the underlying state court action states that the Fresno County Superior Court appointed Anthony and Jacqueline as Conservators of the Estate and Person of Kenneth Godbout on October 7, 2008. (*See* Doc. 30-2, ¶ 4.)

[2] The complaint in the underlying state court action provides that Anthony Godbout applied for and sought appointment as Elijah and Braiden Godbout's guardian ad litem concurrently with the filing of the state court complaint. (Doc. 30-2, ¶ 5.)

On January 28, 2010, an executed summons was filed with regard to Diamond. (Doc. 6.) Diamond did not answer the complaint, and Diamond's default was entered by the Clerk of the Court on April 15, 2010. (Doc. 9.) Ultimately, Burlington was unable to serve Anthony and Jacqueline Godbout and sought an order from the Court permitting it to serve them by publication. (Doc. 18.) The Court granted Burlington's request to serve Anthony and Jacqueline Godbout by publication, and required that the Court's order granting service by publication be served on Anthony and Jacqueline Godbout's attorney in the underlying state court action. (Doc. 19.)

On September 9, 2010, Anthony and Jacqueline Godbout's individual defaults were entered by the Clerk of the Court. (Docs. 25, 26.) On November 3, 2010, Burlington sought a default judgment against all defendants. (Doc. 27.) At the December 1, 2010, hearing the Court pointed out that it could not recommend a default judgment against the minors and incompetent defendants. (*See* Doc. 28.) Thereafter, Burlington withdrew its request for default judgment against Kenneth, Braiden, and Elijah Godbout through Anthony and Jacqueline Godbout acting as conservators and guardian ad litem.

On January 25, 2011, the Court issued Findings and Recommendations that default judgment be entered against Diamond as well as Anthony and Jacqueline Godbout in their individual capacities, which were adopted on February 9, 2011. The Court then issued an order to show cause why Kenneth, Braiden, and Elijah Godbout, through their purported guardian ad litem and conservators, should not be dismissed from the lawsuit. Burlington responded to the order to show cause and filed a motion to appoint a guardian ad litem for these defendants because Anthony and Jacqueline Godbout had not made appearances on these defendants' behalf. Burlington asserts that it is not appropriate for the Court to dismiss the minor and incompetent defendants because their guardians refuse to appear, as this allows these defendants to avoid the lawsuit. Burlington cites district courts from Ohio and Arkansas that have appointed a guardian ad litem in somewhat similar circumstances and urges this Court to exercise its discretion under Federal Rule of Civil Procedure 17(c) and do likewise.[3]

---

[3] *See Centex Home Equity Co. v. Washington,* No. 1:04-cv-1819, Docket No. 18, at * 2 (N.D. Ohio Nov. 10, 2005); *State Farm Fire & Cas. Co. v. Benson,* No. 04:07-cv-4025, 2007 WL 2176373 (W.D. Ark. July 26, 2007).

## II. DISCUSSION

Although Burlington's complaint names Jacqueline and Anthony Godbout as defendants in their capacity as conservators and Anthony Godbout in his capacity as guardian ad litem, it is apparent that Burlington is seeking declaratory relief against minors Braiden and Elijah Godbout and an incompetent individual, Kenneth Godbout.

To obtain a judgment against a minor or an incompetent person, a plaintiff must ensure that the individual is properly served with the summons and the complaint. In relevant part, Federal Rule of Civil Procedure 4(g) provides the following:

> A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made.

Fed. R. Civ. P. 4(g).

Section 416.60 of the California Code of Civil Procedure provides the following with regard to service of process on a minor:

> A summons may be served on a minor by delivering a copy of the summons and of the complaint to his parent, guardian, conservator, or similar fiduciary, or, if no such person can be found with reasonable diligence, to any person having the care or control of such minor or with whom he resides or by whom he is employed, *and to the minor if he is at least 12 years of age*.

Cal. Civ. Proc. Code § 416.60 (emphasis added).

Section 416.70 of the California Code of Civil Procedure provides the following with regard to service of process on incompetent individuals:

> A summons may be served on a person (other than a minor) for whom a guardian, conservator, or similar fiduciary has been appointed by delivering a copy of the summons and of the complaint to his guardian, conservator, or similar fiduciary *and to such person*, but for good cause shown, the court in which the action is pending may dispense with delivery to such person.

*Id.* (emphasis added).

Here, Burlington named Anthony and Jacqueline Godbout as defendants in their individual capacity. Burlington was unable to serve a copy of the summons and complaint personally or through substitute service on Anthony and Jacqueline Godbout; thus, the Court allowed Burlington to serve these individuals by publication.

This, however, is not sufficient service as it pertains to defendant Kenneth Godbout, an incompetent individual for whom Anthony and Jacqueline Godbout act as court-appointed conservators. *Id.* It does not appear that any service was attempted on Kenneth Godbout.[4] With regard to the minors Braiden and Elijah Godbout whom Burlington has named as defendants through Anthony Godbout, there is no indication whether they are at least 12 years old. If they are at least 12 years of age, a copy of the summons and complaint must be served on them. *Id.* § 416.60; *Fanning v. Foley*, 99 Cal. 336, 337 (1893) (where service on minor and guardian required, service on guardian alone is insufficient to bind even the guardian).[5] Burlington has not provided any information regarding the ages of these minors; it is an open question whether service upon them is necessary or whether it has been attempted.

The Court finds there is no evidence these individuals have been properly served; as a result, there is no evidence that the Court has jurisdiction to appoint a guardian ad litem as to any of these individuals. *Akley v. Bassettt*, 189 Cal. 625, 638 (1922) (dual personal service is jurisdictional); *Johnston v. S.F. Sav. Union*, 63 Cal. 554, 562 (1883) (minor must be served to give court jurisdiction over his person or to appoint a guardian ad litem); *see also Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("It is true that the service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."). Moreover, even if serving only a guardian or conservator by publication were sufficient to bring the minor or the incompetent individual under the Court's jurisdiction, the Court has concerns about the appointment of a guardian ad litem in this

---

[4] The Court notes that the *Godbout* complaint indicates that Kenneth Godbout lives with Jacqueline Godbout (Doc. 30-2, ¶42 ("The relationship between Anthony and Jacqueline began to deteriorate and Jacqueline moved out with Kenneth since the couple were fighting.")). As a result, any difficulty locating Jacqueline Godbout will most likely lead to similar difficulty locating Kenneth Godbout. However, it is not clear that Burlington has attempted to confirm Kenneth Godbout's location or has attempted to serve him with service of process.

[5] For purposes of accomplishing service, the complaint in the *Godbout* action does not indicate with whom Elijah and Braiden Godbout live. Although Anthony Godbout requested that the state court appoint him their guardian ad litem for purposes of the *Godbout* action, the underlying complaint does not indicate that the minors live with Anthony Godbout or that he is their legal guardian for unrelated non-litigation purposes.

5

case.[6]

As to the service of process issues identified above, Federal Rule of Civil Procedure 4(m) provides the following, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

The service of process issues must be addressed. Within 60 days, Burlington shall file proof of adequate service with regard to the minors and incompetent individual or provide a statement regarding such service.[7] Failure to adequately serve these individuals or seek an extension of time to do so supported by good cause will result in a recommendation of dismissal of these defendants without prejudice. Fed. R. Civ. P. 4(m).

///

///

---

[6] Due to service of process issues, it appears that any order on a motion to appoint a guardian ad litem is premature. However, even assuming the Court had jurisdiction to entertain Plaintiff's motion, the Court has concerns about the appointment of a guardian ad litem in this case. First, appointing a guardian ad litem typically involves appointing someone who has a special relationship with the individual who needs the guardian. Burlington requests that the Court appoint a qualified person or an attorney who will not necessarily have any relationship to the minors or incompetent individual. Even assuming that an unrelated person should be appointed to serve as a guardian ad litem, if Burlington cannot locate the minors, the incompetent individual, or their guardians, it is difficult to understand how a randomly selected guardian ad litem would be in any better position to find or communicate with these defendants, let alone act in their best interests. As a practical matter, this request is problematic.

Second, it is clear that Burlington cannot provide or suggest a guardian ad litem because of its inherent conflict of interest. Further, the Court does not maintain a list of practitioners or individuals who are willing to serve as a guardian ad litem from which the Court could make such a selection. Third, even if there were an individual who was able to serve, the Court has no ability to absorb the cost of such an appointment.

Finally, Burlington requests that the appointment be made so that Burlington can conclude its lawsuit against these individuals. As the Court previously pointed out and as Burlington acknowledges, it cannot obtain a default judgment against a minor or an incompetent individual where the guardian has not appeared in the action. Fed. R. Civ. P. 55(b)(2). For this reason, the request for appointment of a guardian ad litem was not necessarily made in the interests of the individuals for whom the guardianship is proposed. The Court recognizes Burlington's argument that, if the guardians purposefully fail to appear and the minors and incompetent individual are dismissed because no default judgment can be entered against them, these defendants' lack of participation will preclude Burlington from obtaining a remedy. Before this concern can be addressed, however, Burlington must establish that the minors and incompetent defendants have been properly served with process and that the Court has jurisdiction to act.

[7] The Court notes that reasonable diligence for purposes of serving a minor or an incompetent person may require something more than is typical because of a potential lack of public records as to these individuals. The Court makes no finding whether service by publication would be appropriate and/or permissible with regard to these individuals.

6

### III. CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Burlington's Motion to Appoint a Guardian Ad Litem is DENIED without prejudice to refiling such a motion at a later time if appropriate;

2. Within 60 days from the date of this order, Burlington shall file proofs of service as to the minor and incompetent individuals or a statement regarding such service of process setting forth law and facts to support the Court's exercise of jurisdiction over these individuals; and

3. The Court's February 9, 2011, Order to Show Cause is DISCHARGED.

IT IS SO ORDERED.

**Dated:   March 22, 2011**            /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE